# Exhibit 1

1    Lowell W. Finson, Esq. (CA 275586)
     **PHILLIPS LAW FIRM**
2    2101 Rosecrans Avenue, Suite 3290
     El Segundo, CA 90245
3    Tel: (877) 480-9142 / Fax: (213) 330-0346
4    lowell@justiceforyou.com

5    *Attorneys for Plaintiffs*

6    Marc D. Grossman, Esq. (NY#0730)
7    Randi Kassan, Esq. (NY#7541)
     100 Herricks Road
8    Mineola, NY 11501
     Tel:     (516) 741-5252
9    Fax:    (516) 741-1243
     mgrossman@thesandersfirm.com
10   rkassan@thesandersfirm.com

11

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13            **IN AND FOR THE COUNTY OF LOS ANGELES**

14
15   Jose V. Estrada, single individual; Josefa
     Baez, a single individual; Stephen Bratcher,
     a single individual; June Brewer, a single
16   individual; Mildred Placa Altieri, as
     surviving statutory beneficiary for the
17   wrongful death of Roger V. Vasquez
     Canting, deceased, individually and on
18   behalf of all other heirs to decedent; Russell
19   Carder , a single individual; Epifania
     Centeno, a single individual;
20   Sara Chaparro, a single individual;
     Ben Coale, a single individual;
21   Deborah Colley, a single individual;
22   Alexis Colon, a single individual;
     Sue Colston, a single individual;
23   John Comarotti, a single individual;
     Miguel Correa , a single individual;
24   James Craig, a single individual;
     Efrain Cruz Batista, a single individual;
25   Maria Cruz Vasquez , a single individual;
26   Abimael Cruz Velez, a single individual;
     Edwin Dejesus Vega, a single individual;
27   Jose Diaz Delgado, a single individual;
     Camilo Falcon, a single individual;
28

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIF.
COUNTY OF [...]

FEB 2 8 2013

John A. Clarke, Executive [...]
BY _____
Mary Flores

Case No.:
**BC 5 0 1 9 7 8**

**COMPLAINT FOR DAMAGES
AND
DEMAND FOR JURY TRIAL**

(1) **Strict Liability**
(2) **Negligence**
(3) **Breach of Express Warranty**
(4) **Breach of Implied Warranty**
(5) **Fraud**
(6) **Fraudulent Concealment**
(7) **Loss of Consortium**
(8) **Wrongful Death**

**EX. 1 - P. 0002**

1   Carols Garcia, a single individual;
2   Luis Gilberto Diaz, a single individual;
    Efrain Gomez-Diaz , a single individual;
3   Roberto Gonzalez Bosquez, a single
    individual; Antonia Gonzalez Villarubia, a
4   single individual; Jacqueline Gordon, a
    single individual; Myra Gross, a single
5   individual; Saundra Harbison, a single
    individual; Vernice Humes, a single
6   individual; Marta Jimenez , a single
7   individual; James Jones, a single individual;
    Mary Kay, a single individual;
8   Juan Leclerec, a single individual;
    Caroline Little, a single individual;
9   Kendall London, a single individual;
    Miguel Lopez , a single individual;
10  Luis Maldonado Torres, a single individual;
11  Marin Gonzalez, a single individual;
    Carmen Martinez, a single individual;
12  Margarita Martinez, a single individual;
    Sharon Breshers, a single individual;
13  Johnny Meador, a single individual;
14  Axel Miranda Rodriguez, a single individual;
    Carmen Miranda, a single individual;
15  Malcolm Mixon, a single individual;
    Julia Morales Figueroa, a single individual;
16  Jose Narvaez Figueroa, a single individual;
17  Carmen Nieves Ruiz, a single individual,

18          Plaintiffs,
19      vs.

20  ASTRAZENECA PHARMACEUTICALS
    LP; ASTRAZENECA, LP; MCKESSON
    CORPORATION, and DOES 1-50
21
22          Defendants

23

24          COME NOW Plaintiffs, by and through undersigned counsel, and allege as follows:

25  1.      This is a civil action brought on behalf of Plaintiffs for personal injuries and economic

26  damages sustained as a direct and proximate result of the negligent and wrongful conduct of

27  Defendants ASTRAZENECA PHARMACEUTICALS LP; ASTRAZENECA, LP and

28                                          -2-

EX. 1 - P. 0003

MCKESSON CORPORATION AND DOES 1-50, (hereinafter collectively "Defendants" ) in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the prescription CRESTOR® (rosuvastatin calcium).

At all times material hereto, CRESTOR® (rosuvastatin calcium) were designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by ASTRAZENECA, and MCKESSON.

### Plaintiffs' Use of CRESTOR® (rosuvastatin calcium) Resulting Injuries

As a result of Defendants' claim regarding the effectiveness and safety of CRESTOR® (rosuvastatin calcium), Plaintiff's (or plaintiff's decedent) medical provider prescribed CRESTOR® (rosuvastatin calcium).

Upon information and belief, McKesson supplied the actual CRESTOR® (rosuvastatin calcium) ingested by Plaintiffs (or plaintiff's decedent).

As a direct and proximate result of using CRESTOR® (rosuvastatin calcium), Plaintiffs (or plaintiff's decedent) suffered the following serious injury(ies) but not limited to as a result of using CRESTOR® (rosuvastatin calcium) as generally described: Diabetes Mellitus Type II, Myocardial Infarction (MI), Cardiomyopathy, sudden cardiac death, Rhabdomyolysis (muscle deterioration), kidney and liver damage.

### PARTIES AND JURISDICTION

2.      The Plaintiffs herein are all competent individuals over the age of 18, are residents of the United States and hereby submit to the jurisdiction of this Court and allege that Venue in this Court is proper.

3.      Plaintiff Jose V. Estrada is a resident of the State of Fresno, California.

4.      Plaintiff Josefa Baez Santiago is a resident of Rio Piedras, Puerto Rico.

5.      Plaintiff Stephen Bratcher is a resident of Scottsville, Kentucky.

-3-

EX. 1 - P. 0004

6.    Plaintiff June Brewer is a resident of Tuscumbia, Alabama.

7.    Plaintiff Mildred Placa Altieri, as surviving statutory beneficiary for the wrongful death of Roger V. Vasquez Canting, deceased. Plaintiff Mildred Placa Altieri is a resident of Bayamon, Puerto Rico.

8.    Plaintiff Russell Carder is a resident of Harvest, Alabama.

9.    Plaintiff Epifania Centeno is a resident of Caguas, Puerto Rico.

10.   Plaintiff Sara Chaparro is a resident of Aguada, Puerto Rico.

11.   Plaintiff Ben Coale is a resident of Dothan, Alabama.

12.   Plaintiff Deborah Colley is a resident of Mobile, Alabama.

13.   Plaintiff Alexis Colon is a resident of San Juan, Puerto Rico.

14.   Plaintiff Sue Colston is a resident of Greensboro, Alabama.

15.   Plaintiff John Comarotti is a resident of Athens, Alabama.

16.   Plaintiff Miguel Correa is a resident of Arecibo, Puerto Rico.

17.   Plaintiff James Craig is a resident of Birmingham, Alabama.

18.   Plaintiff Efrain Cruz Batista is a resident of San Juan, Puerto Rico.

19.   Plaintiff Maria Cruz Vasquez is a resident of Juana Diaz, Puerto Rico.

20.   Plaintiff Abimael Cruz Velez is a resident of Arecibo, Puerto Rico.

21.   Plaintiff Edwin Dejesus Vega is a resident of Coamo, Puerto Rico.

22.   Plaintiff Jose Diaz Delgado is a resident of San Juan, Puerto Rico.

23.   Plaintiff Camilo Falcon Arroyo is a resident of Carolina, Puerto Rico.

24.   Plaintiff Carols Garcia is a resident of Luquillo, Puerto Rico.

25.   Plaintiff Luis Gilberto Diaz is a resident of Caguas, Puerto Rico.

26.   Plaintiff Efrain Gomez-Diaz is a resident of Guamo, Puerto Rico.

27.   Plaintiff Roberto Gonzalez Bosquez is a resident of San Juan, Puerto Rico.

28.   Plaintiff Antonia Gonzalez Villarubia is a resident of Astilla, Puerto Rico.

29.   Plaintiff Jacqueline Gordon is a resident of slidell, Louisiana.

30.   Plaintiff Myra Gross is a resident of Atmore, Alabama.

-4-

31. Plaintiff Saundra Harbison is a resident of Alabama.

32. Plaintiff Vernice Humes is a resident of Denham Springs, Louisiana.

33. Plaintiff Marta Jimenez is a resident of Coamo, Puerto Rico.

34. Plaintiff James Jones is a resident of Paducah, Kentucky.

35. Plaintiff Mary Kay is a resident of New Llano, Louisiana.

36. Plaintiff Juan Leclerec is a resident of San Juan, Puerto Rico.

37. Plaintiff Caroline Little is a resident of Booneville, Kentucky.

38. Plaintiff Kendall London is a resident of Kenner, Louisiana.

39. Plaintiff Miguel Lopez is a resident of Arecibo, Puerto Rico.

40. Plaintiff Luis Maldonado Torres is a resident of Aibonito, Puerto Ricl.

41. Plaintiff Marin Gonzalez is a resident of Toa Alta, Puerto Rico.

42. Plaintiff Carmen Martinez is a resident of Mirarmar, Puerto Rico.

43. Plaintiff Margarita Martinez is a resident of Isabella, Puerto Rico.

44. Plaintiff Sharon Breshers is a resident of Berea, Kentucky.

45. Plaintiff Johnny Meador is a resident of Scottsville, Kentucky.

46. Plaintiff Axel Miranda Rodriguez is a resident of Toa Alta, Puerto Rico.

47. Plaintiff Carmen Miranda is a resident of Aguadilla, Puerto Rico.

48. Plaintiff Malcolm Mixon is a resident of Pineville, Louisiana.

49. Plaintiff Julia Morales Figueroa is a resident of San Sebastian, Puerto Rico.

50. Plaintiff Jose Narvaez Figueroa is a resident of Corozal, Puerto Rico.

51. Plaintiff Carmen Nieves Ruiz is a resident of Hatillo, Puerto Rico.

52. The Defendants are ASTRAZENECA LP, ASTRAZENECA PHARMACEUTICALS LP, who is the general partner of AstraZeneca LP, ASTRAZENECALP, who is the general partner of AstraZeneca Pharmaceuticals LP, and Astrazenca LP, who is the general partner of AstraZeneca Pharmaceuticals LP, and ASTRAZENECA PLC, (hereafter collectively referred to as "Astrazeneca") are corporations or business entities, domiciled in the State of Delaware, with their principal place of business in Wilmington, Delaware.

-5-

EX. 1 - P. 0006

53.     Defendant MCKESSON CORPORATION was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Post Street, San Francisco, California 94104.  MCKESSON CORPORATION touts itself as, among other things, (1) the largest pharmaceutical distributor in North America distributing one-third of the medications used daily in North America, (2) the nation's leading health care information technology company, and (3) a provider of "decision support" software to help physicians determine the best possible clinical diagnosis and treatment plans for patients.

54.     At all relevant times, Defendant MCKESSON CORPORATION conducted regular and sustained business in California, Puerto Rico, Kentucky, Alabama and Louisiana by selling and distributing its products and services in California, Puerto Rico, Kentucky, Alabama and Louisiana and engaged in substantial commerce and business activity in the County of San Francisco.

55.     The true names or capacities, whether individual, corporate, or otherwise, of Defendants Does 1-50, are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names.  Plaintiffs believe and allege that each of the Defendants designated herein by fictitious names is in some manner legally responsible for the events and happenings herein referred to and proximately caused foreseeable damages to Plaintiffs as alleged herein.

56.     All Defendants are authorized to do business in California, Puerto Rico, Kentucky, Alabama and Louisiana and derive substantial income from doing business in those states.

57.     As used herein, "Defendants" includes all named Defendants as well as Does 1-50.

58.     Upon information and belief, Defendants  did act together to design, sell, advertise, manufacture and /or distribute CRESTOR®, with full knowledge of its dangerous and defective nature.

-6-

59.     This court has personal jurisdiction over the defendants named herein because said defendants have sufficient minimum contacts with the forum state upon which to predicate personal jurisdiction.

### GENERAL ALLEGATIONS

60.     This is a civil action brought on behalf of Plaintiffs regarding damages which were proximately caused by the ingestions of CRESTOR® by Plaintiffs. Those individuals are collectively referred to herein as "Plaintiff" or "Plaintiffs" as the context indicates.

61.     The State of California has a substantial interest in assuring that the acts of these Defendants who have been given the privilege of doing business in its borders act in conformity with all laws applicable to the acts as set forth in this Complaint.

62.     At all times relevant herein, Defendants were in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals, including CRESTOR®, and other products for use by the mainstream public, including Plaintiffs.

63.     CRESTOR® was designed, manufactured, marketed, distributed and sold to the Plaintiffs by one or more Defendants, and more specifically, upon information and belief, Defendant McKesson did distribute the CRESTOR® Plaintiffs ingested, which give rise to the causes of action, and the injuries sustained as a direct and proximate result of such ingestion.

64.     The US Food and Drug Administration (FDA) approved CRESTOR®  as a cholesterol lowering drug in 2003.  In 2010, the FDA approved CRESTOR® to be prescribed to "healthy" individuals, or those patients who do not have elevated cholesterol.  Recent news has come to light that casts a shadow on the safety of using CRESTOR®  and the early results of studies designed to come to a conclusion regarding the risks that result from using this pill are not encouraging.  Generally, CRESTOR® has been linked to such serious side effects as

EX. 1 - P. 0008

cardiomyopathy, heart attacks, heart muscle deterioration, sudden cardiac death, rhabdomyolysis (muscle deterioration), kidney and liver damage, and diabetes.

65.    Defendants did business in the State of California; made contracts to be performed in whole or in part in California and/or manufactured, tested, sold, offered for sale, supplied or placed in the stream of commerce, or in the course of business materially participated with others in so doing, CRESTOR®, which Defendants knew to be defective, unreasonably dangerous and hazardous, and which Defendants knew would be substantially certain to cause injury to persons within the State of California thereby negligently and intentionally causing injury to persons within California, and as described herein, committed and continues to commit tortious and other unlawful acts in the State of California.

66.    Defendants sold or aided and abetted in the sale of CRESTOR® which was and is defective and unreasonably dangerous. At all pertinent times, Defendants knew, or should have known, that CRESTOR® was and is hazardous to human health.

67.    Defendants, through its funding and control of certain studies concerning the effects of CRESTOR® on human health, their control over trade publications, promoting, marketing, and/or through other agreements, understandings and joint undertakings and enterprises, conspired with, cooperated with and/or assisted in the wrongful suppression, active concealment and/or misrepresentation of the true relationship between CRESTOR® and various diseases, all to the detriment of the public health, safety and welfare and thereby causing harm to the State.

68.    Specifically, and in addition to the allegations above, Defendants knew of the hazards associated with CRESTOR®; affirmatively and actively concealed information which clearly demonstrated the dangers of CRESTOR® and affirmatively misled the public and prescribing physicians with regard to the material and clear risks of CRESTOR® with the intent that prescribing physicians would continue to prescribe CRESTOR®. Defendants well knew that

-8-

prescribing physicians would not be in a position to know the true risks of CRESTOR® and Defendants knew that prescribing physicians would rely upon the misleading information that they promulgated.

69.     At all pertinent times, Defendants purposefully and intentionally engaged in these activities, and continues to do so, knowing full well that when the general public, including Plaintiffs, use CRESTOR® as Defendants intended, that Plaintiffs would be substantially certain to suffer disease, injury and sickness.

70.     The statements, representations and promotional schemes publicized by Defendants were deceptive, false, incomplete, misleading and untrue.  Defendants knew, or should have known, that its statements, representations and advertisements were deceptive, false, incomplete, misleading and untrue at the time of making such statements.  Defendants had an economic interest in making such statements.  Neither the Plaintiffs nor the physicians who prescribed CRESTOR® to them had knowledge of the falsity or untruth of Defendants= statements, representations and advertisements when prescriptions for CRESTOR® were written.  Moreover, Plaintiffs and Plaintiffs= physician had a right to rely on Defendants= statements, representations and advertisements.  Each of the statements, representations and advertisements were material to the Plaintiffs= purchase of CRESTOR® in that the Plaintiff would not have purchased CRESTOR® if Plaintiff had known that Defendants= statements, representations and advertisements were deceptive, false, incomplete, misleading and untrue.  These acts were designed to and did in fact allow Defendants to earn substantial income from the sale of CRESTOR®.

71.     Plaintiffs had a right to rely upon the representations of Defendants and were directly and proximately injured by such reliance, all as described above.

72.     Had Plaintiffs been adequately warned of the potential life-threatening side effects, he/she could have chosen to request other prescription medications and avoided CRESTOR=s potential life threatening side effects.

73.     Plaintiffs were prescribed CRESTOR® by physicians authorized to prescribe

-9-

EX. 1 - P. 0010

CRESTOR®, ingested CRESTOR® as prescribed, and as a result suffered damages and injury.

74. Defendants negligently, recklessly and wantonly failed to warn Plaintiffs and the general public, of the risks associated with taking CRESTOR®. Defendants failed to do so even after various studies, including their own, showed that there were problems concerning the risks of cardiomyopathy, heart attacks, sudden cardiac death, rhabdomyolysis (muscle deterioration), kidney and liver damage, and diabetes associated with CRESTOR®.

75. Defendants endeavored to deceive Plaintiffs, and the general public, by not disclosing the findings of the various studies, including its own that revealed problems concerning the dangers of CRESTOR®.

76. Further, Defendants did not provide warnings and instructions that would have put Plaintiff, and the general public, on notice of the dangers and adverse effects caused by CRESTOR®.

77. Defendants designed, manufactured, distributed, sold and/or supplied CRESTOR® and placed CRESTOR® into the stream of commerce in a defective and unreasonably dangerous condition, taking into consideration the utility of the drug and the risk to Plaintiff and the general public.

78. CRESTOR® as designed, manufactured, distributed, sold and/or supplied by Defendants was defective as marketed due to inadequate warnings, instructions and/or labeling.

79. CRESTOR® as designed, manufactured, distributed, sold and/or supplied by Defendants was defective due to inadequate testing before and after Defendants' knowledge of the various studies, including their own, evidencing the rightful concerns over the risks of diabetes and diabetes-related injuries associated with CRESTOR®

80. CRESTOR® has been associated with an increased risk generally; CRESTOR has been linked to such serious side effects as cardiomyopathy, heart attacks, sudden cardiac death, Rhabdomyolysis (muscle deterioration), kidney and liver damage, and diabetes.

81. The nature of the Plaintiffs= injuries and their relationship to CRESTOR® use were

-10-

EX. 1 - P. 0011

inherently undiscoverable; and, consequently, the discovery rule should be applied to toll the running of the statute of limitations until Plaintiffs knew or through the exercise of reasonable care and diligence should have known of the existence of their claims against Defendants. Plaintiffs did not discover, and through the exercise of reasonable care and due diligence, could not have discovered, their injuries earlier.

82.     Further, Plaintiffs did not have knowledge of facts that would lead a reasonable, prudent person to make inquiry to discover Defendants= tortious conduct.   Under appropriate application of the Adiscovery rule,@ Plaintiffs= suit was filed well within the applicable statutory limitations period.

83.     Defendants are estopped from asserting a statute of limitations defense because they fraudulently concealed from Plaintiffs the nature of Plaintiffs= injuries and the connection between the injury and CRESTOR®.

84.     Defendants have overpromoted CRESTOR®, thus eliminating a defense of learned intermediary.

85.     CRESTOR® fails to meet reasonable consumer expectations, thus eliminating the defense of learned intermediary.

86.     Defendants failed to properly disclose to the FDA and the public, information necessary to allow an informed decision to be made with regard to the contents of the label and/or the approved uses of CRESTOR®.

87.     For each Count hereinafter alleged and averred, the above and following Paragraphs should be considered realleged as if fully rewritten.

### FIRST CAUSE OF ACTION
### (Strict Liability)

88.     Defendants defectively designed and manufactured CRESTOR®, which was marketed

to physicians and the general public, including Plaintiff.

89.    Plaintiff ingested CRESTOR® for the treatment and control of high cholesterol, which was the foreseeable and intended use of CRESTOR®.

90.    CRESTOR® failed to perform as safely as an ordinary consumer would expect, as the use of CRESTOR® was associated with a high risk of severe, physical injury, or death, resulting from Rhabdomyolysis or renal failure.

91.    The design of CRESTOR® was defective in that the risks associated with using CRESTOR® outweighed any benefits of the design. Any benefits associated with the use of CRESTOR® were relatively minor and could have been obtained by the use of other, alternative treatments and products that could equally or more effectively reach similar results.

92.    The defect in design existed when the product left Defendants' possession.

93.    At the time CRESTOR® left the control of Defendants, Defendants knew or should have known of the risks associated with ingesting CRESTOR®.

94.    At all times material hereto, Defendants failed to provide Plaintiff the warnings or instructions a manufacturer exercising reasonable care would have provided concerning the risk which ultimately caused Plaintiffs injury.

95.    At all times material hereto, Defendants failed to provide post-marketing warnings or instructions to Plaintiff or Plaintiffs physician sufficient to convey the true risks associated with the use of CRESTOR®.

96.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff was injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

-12-

EX. 1 - P. 0013

## SECOND CAUSE OF ACTION
### (Negligence)

97.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

98.    Defendants had a duty to exercise reasonable care in designing, developing, manufacturing, packaging, labeling, marketing, advertising, selling and/or distributing CRESTOR®.

99.    Defendants failed to exercise ordinary care in designing, developing, manufacturing, packaging, labeling, marketing, advertising, selling, and/or distributing of CRESTOR®; Defendants knew or should have known that CRESTOR® created an unreasonable risk of bodily harm.

100.    Despite the fact Defendants knew or should have known that CRESTOR® caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, they continued to market CRESTOR® to physicians, including Plaintiffs physician, and consumers, including Plaintiff, when there were safer alternative methods of treatment.

101.    Defendants knew or should have known that consumers such as Plaintiff would suffer injury or death as a result of Defendants' failure to exercise ordinary care as described above.

102.    As a direct and proximate result of Defendants' negligence and wrongful conduct, Plaintiff was injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs

## THIRD CAUSE OF ACTION
### (Breach of Express Warranty)

-13-

103.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

104.    Before Plaintiff was first prescribed CRESTOR® and during the period in which he used CRESTOR®, Defendants expressly warranted that CRESTOR® was safe.

105.    CRESTOR® did not conform to these express representations because CRESTOR® was not safe and had high levels of serious side effects, including liver failure and death, whether taken individually or in conjunction with other therapies.

106.    As a direct and proximate result of this wrongful conduct, Plaintiff was injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

107.    Plaintiff realleges all prior paragraphs of the First Amended Complaint as if set out here in full.

108.    At the time Defendants packaged, labeled, promoted, marketed, advertised, sold, and/or distributed CRESTOR® for use by Plaintiff, they knew of the use for which CRESTOR® was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

109.    Plaintiff reasonably relied upon the skill and judgment of Defendants as to whether CRESTOR® was of merchantable quality and safe and fit for its intended use.

110.    Contrary to such implied warranty, CRESTOR® was not of merchantable quality or safe

-14-

or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purpose for which it was used as described above.

111.    As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff was injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## FIFTH CAUSE OF ACTION
### (Fraud)

112.    Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

113.    Before Plaintiff was prescribed CRESTOR® and during the period in which he took CRESTOR®, Defendants made false representations regarding the safety and efficacy of CRESTOR®. Defendants knew that its representations regarding the safety of CRESTOR® were false.

114.    Defendants' representations regarding the safety and efficacy of CRESTOR® were made with the intent of misleading Plaintiff and Plaintiffs physician in relying upon those representations, and Plaintiff and Plaintiffs physician were justified in relying, and did in fact rely, upon such misrepresentations.

115.    Defendants' misrepresentations regarding the safety and efficacy of CRESTOR® were material. Plaintiff would not have ingested CRESTOR® for treatment and control of high cholesterol had she been made aware of the true risks associated with using CRESTOR®, including rhabdomyolysis, renal failure, and death.

116.    As a direct and proximate result of Defendants' misrepresentations, Plaintiff was

-15-

injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

**SIXTH CAUSE OF ACTION**
**(Fraudulent Concealment)**

117.    Plaintiff realleges all allegations of the Complaint as if set out here in full.

118.    Before Plaintiff was prescribed CRESTOR®  and during the period in which she took CRESTOR®, Defendants concealed material facts regarding the safety and efficacy of CRESTOR®, more specifically, that CRESTOR®  caused Rhabdomyolysis, renal failure, and death. Defendant had a duty to disclose this information to prescribing physicians and the general public, including Plaintiff.

119.    Defendants' concealment of material information regarding CRESTOR® was done with the intent to mislead Plaintiff and Plaintiffs physician, and Plaintiff and Plaintiffs physician were justified in reliance on Defendants' concealment.

120.    As a direct and proximate result of Defendants' concealment of material facts, Plaintiff was injured as described above.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

**SEVENTH CAUSE OF ACTION**
**(Loss of Consortium)**

121.    Plaintiff re-alleges each and every allegation of this Complaint in each of the foregoing paragraphs inclusive, with the same force and effect as if more fully set forth herein.

122.    Plaintiffs spouses are entitled to the comfort, enjoyment, society and services of their spouses.

-16-

123.    As a direct and proximate result of the foregoing, Plaintiffs spouses were deprived of the comfort and enjoyment of the services and society, and have suffered and will continue to suffer economic loss, and have otherwise been emotionally and economically injured. Plaintiffs' injuries and damages are permanent and will continue into the future.  Plaintiffs seek actual and punitive damages from the Defendants as alleged herein.

124.    For the reasons set forth herein, Plaintiffs spouses will continue to suffer the loss of loved one's support, companionship, services, society, love and affection.

WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## EIGHTH CAUSE OF ACTION
### [Wrongful Death]

125.    Plaintiffs hereby incorporate by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-76, inclusive, of this Complaint

126.    Those Plaintiffs bringing this action on behalf of decedents alleged to have ingested CRESTOR® that resulted in their death bring this claim for wrongful death on behalf of the heirs of their respective decedents.

127.    As a result of Plaintiffs' decedents' ingestion of the defective CRESTOR® that ultimately caused their death, their heirs have been and will continue to be deprived of consortium, society, comfort, protection, and service, thereby causing and continuing to cause them grief, sorrow, mental anguish, emotional distress and pain and suffering, and are entitled to damages for wrongful death

WHEREFORE, Plaintiffs pray for judgment against Defendants as hereinafter set forth.

-17-

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment against the defendants as follows:

1.    For general (non-economic) damages according to proof at the time of trial;

2.    For special (economic) damages according to proof at the time of trial;

3.    For prejudgment interest as permitted by law;

4.    For cost of suit incurred herein as permitted by law;

5.    For such other and further relief as this Court may deem proper.

Dated: February 28, 2013                    Respectfully submitted,

                                            PHILLIPS LAW FIRM

                                            By
                                            Lowell W. Finson, Esq. (CA 275586)
                                            PHILLIPS LAW FIRM
                                            2101 Rosecrans Avenue, Suite 3290
                                            El Segundo, CA 90245
                                            Tel: (877) 480-9142 / Fax: (213) 330-0346
                                            lowell@justiceforyou.com


                                            Marc D. Grossman, Esq. (NY#0730)
                                            Randi Kassan, Esq. (NY#7541)
                                            100 Herricks Road
                                            Mineola, NY 11501
                                            mgrossman@thesandersfirm.com
                                            rkassan@thesandersfirm.com

                                            *Attorneys for Plaintiffs*


## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: February 28, 2013                    Respectfully submitted,

                                            PHILLIPS LAW FIRM

-18-

EX. 1 - P. 0019

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By _____

Lowell W. Finson, Esq. (CA 275586)
**PHILLIPS LAW FIRM**
2101 Rosecrans Avenue, Suite 3290
El Segundo, CA 90245
Tel: (877) 480-9142 / Fax: (213) 330-0346
lowell@justiceforyou.com


Marc D. Grossman, Esq. (NY#0730)
Randi Kassan, Esq. (NY#7541)
100 Herricks Road
mgrossman@thesandersfirm.com
rkassan@thesandersfirm.com


*Attorneys for Plaintiffs*

-19-

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED CO
ORIGINAL FILE
SUPERIOR COURT OF CALIF
COUNTY OF LC

FEB 28 2013

John A. Clarke, Executive O......

BY _____
Mary Flores

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ASTRAZENECA PHARMACEUTICALS LP; ASTRAZENECA, LP;
MCKESSON CORPORATION, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jose V. Estrada, single individual; Josefa Baez, a single individual;
Stephen Bratcher, a single individual;    (continued)

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information
below.
    You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy
served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your
case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts
Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask
the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property
may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney
referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate
these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center
(www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and
costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a
continuación.
    Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta
corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar
en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.
Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la
biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte
que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le
podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de
remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un
programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,
(www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el
colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre
cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que
pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>111 North Hill Street Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso)*<br>**BC 5 0 1 9 7 8** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lowell W. Finson, Esq. 2101 Rosecrans Ave, Suite 3290 El Segundo, CA 90245 / 310-923-9918

DATE: February 28, 2013   JOHN A. CLARKE,   Clerk, by _____ , Deputy
*(Fecha)*                              *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Astrazeneca Pharmaceuticals LP

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [X] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

EX. 1 - P. 0021

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jose V Estrada, et al. v. ASTRAZENECA, et al. | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

June Brewer, a single individual; Mildred Placa Altieri, as surviving statutory beneficiary for the wrongful death of Roger V. Vasquez Canting, deceased, individually and on behalf of all other heirs to decedent; Russell Carder , a single individual; Epifania Centeno, a single individual; Sara Chaparro, a single individual; Ben Coale, a single individual; Deborah Colley, a single individual; Alexis Colon, a single individual; Sue Colston, a single individual; John Comarotti, a single individual; Miguel Correa , a single individual; James Craig, a single individual; Efrain Cruz Batista, a single individual; Maria Cruz Vasquez , a single individual; Abimael Cruz Velez, a single individual; Edwin Dejesus Vega, a single individual; Jose Diaz Delgado, a single individual; Camilo Falcon, a single individual; Carols Garcia, a single individual; Luis Gilberto Diaz, a single individual; Efrain Gomez-Diaz , a single individual; Roberto Gonzalez Bosquez, a single individual; Antonia Gonzalez Villarubia, a single individual; Jacqueline Gordon, a single individual; Myra Gross, a single individual; Saundra Harbison, a single individual; Vernice Humes, a single individual; Marta Jimenez , a single individual; James Jones, a single individual; Mary Kay, a single individual; Juan Leclerec, a single individual; Caroline Little, a single individual; Kendall London, a single individual; Miguel Lopez , a single individual; Luis Maldonado Torres, a single individual; Marin Gonzalez, a single individual; Carmen Martinez, a single individual; Margarita Martinez, a single individual; Sharon Breshers, a single individual; Johnny Meador, a single individual; Axel Miranda Rodriguez, a single individual; Carmen Miranda, a single individual; Malcolm Mixon, a single individual; Julia Morales Figueroa, a single individual; Jose Narvaez Figueroa, a single individual; Carmen Nieves Ruiz, a single individual,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

EX. 1 - P. 0022

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED CO
ORIGINAL FILE
SUPERIOR COURT OF CALI
COUNTY OF L

FEB 2 8 013

John A. Clarke, Executive Off...
BY _____
Mary Flores

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ASTRAZENECA PHARMACEUTICALS LP; ASTRAZENECA, LP;
MCKESSON CORPORATION, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jose V. Estrada, single individual; Josefa Baez, a single individual;
Stephen Bratcher, a single individual;    (continued)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>111 North Hill Street Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso)*<br>**BC 5 0 1 9 7 8** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Lowell W. Finson, Esq. 2101 Rosecrans Ave, Suite 3290 El Segundo, CA 90245 / 310-923-9918

| | | | |
|---|---|---|---|
| DATE: February 28, 2013 **JOHN A. CLARKE** | Clerk, by | | , Deputy |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Astrazeneca, LP

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☒ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** |

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
American LegalNet, Inc.
*www.FormsWorkflow.com*

EX. 1 - P. 0023

SUM-200(A)

| SHORT TITLE:<br>Jose V Estrada, et al. v. ASTRAZENECA, et al. | CASE NUMBER: |
| --- | --- |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

June Brewer, a single individual; Mildred Placa Altieri, as surviving statutory beneficiary for the wrongful death of Roger V. Vasquez Canting, deceased, individually and on behalf of all other heirs to decedent; Russell Carder , a single individual; Epifania Centeno, a single individual; Sara Chaparro, a single individual; Ben Coale, a single individual; Deborah Colley, a single individual; Alexis Colon, a single individual; Sue Colston, a single individual; John Comarotti, a single individual; Miguel Correa , a single individual; James Craig, a single individual; Efrain Cruz Batista, a single individual; Maria Cruz Vasquez , a single individual; Abimael Cruz Velez, a single individual; Edwin Dejesus Vega, a single individual; Jose Diaz Delgado, a single individual; Camilo Falcon, a single individual; Carols Garcia, a single individual; Luis Gilberto Diaz, a single individual; Efrain Gomez-Diaz , a single individual; Roberto Gonzalez Bosquez, a single individual; Antonia Gonzalez Villarubia, a single individual; Jacqueline Gordon, a single individual; Myra Gross, a single individual; Saundra Harbison, a single individual; Vernice Humes, a single individual; Marta Jimenez , a single individual; James Jones, a single individual; Mary Kay, a single individual; Juan Leclerec, a single individual; Caroline Little, a single individual; Kendall London, a single individual; Miguel Lopez , a single individual; Luis Maldonado Torres, a single individual; Marin Gonzalez, a single individual; Carmen Martinez, a single individual; Margarita Martinez, a single individual; Sharon Breshers, a single individual; Johnny Meador, a single individual; Axel Miranda Rodriguez, a single individual; Carmen Miranda, a single individual; Malcolm Mixon, a single individual; Julia Morales Figueroa, a single individual; Jose Narvaez Figueroa, a single individual; Carmen Nieves Ruiz, a single individual,

Page  2  of  2

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

**EX. 1 - P. 0024**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO:)*

ASTRAZENECA PHARMACEUTICALS LP; ASTRAZENECA, LP;
MCKESSON CORPORATION, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE:)*

Jose V. Estrada, single individual; Josefa Baez, a single individual;
Stephen Bratcher, a single individual;    (continued)

CONFORMED CO
ORIGINAL FILEI
SUPERIOR COURT OF CALIF
COUNTY OF LOS

FEB 28 2013

John A. Clarke, Executive Offic

BY _____
Mary Flores

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es:)* Los Angeles Superior Court<br>111 North Hill Street Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso:)*  BC 5 0 1 9 7 8 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Lowell W. Finson, Esq. 2101 Rosecrans Ave, Suite 3290 El Segundo, CA 90245 / 310-523-9918

| DATE: February 28, 2013 | JOHN A. CLARKE, | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* McKesson Corporation

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)

☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

**EX. 1 - P. 0025**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Jose V Estrada, et al. v. ASTRAZENECA, et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[✓] Plaintiff    [ ] Defendant    [ ] Cross-Complainant    [ ] Cross-Defendant

June Brewer, a single individual; Mildred Placa Altieri, as surviving statutory beneficiary for the wrongful death of Roger V. Vasquez Canting, deceased, individually and on behalf of all other heirs to decedent; Russell Carder , a single individual; Epifania Centeno, a single individual; Sara Chaparro, a single individual; Ben Coale, a single individual; Deborah Colley, a single individual; Alexis Colon, a single individual; Sue Colston, a single individual; John Comarotti, a single individual; Miguel Correa , a single individual; James Craig, a single individual; Efrain Cruz Batista, a single individual;  Maria Cruz Vasquez , a single individual;  Abimael Cruz Velez, a single individual;  Edwin Dejesus Vega, a single individual; Jose Diaz Delgado, a single individual; Camilo Falcon, a single individual; Carols Garcia, a single individual; Luis Gilberto Diaz, a single individual;  Efrain Gomez-Diaz , a single individual; Roberto Gonzalez Bosquez, a single individual; Antonia Gonzalez Villarubia, a single individual; Jacqueline Gordon, a single individual; Myra Gross, a single individual; Saundra Harbison, a single individual; Vernice Humes, a single individual; Marta Jimenez , a single individual; James Jones, a single individual; Mary Kay, a single individual; Juan Leclerec, a single individual; Caroline Little, a single individual; Kendall London, a single individual; Miguel Lopez , a single individual; Luis Maldonado Torres, a single individual; Marin Gonzalez, a single individual; Carmen Martinez, a single individual; Margarita Martinez, a single individual;  Sharon Breshers, a single individual; Johnny Meador, a single individual;

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

EX. 1 - P. 0026